## CHARLES TREAT *et als. vs.* FRANKLIN SMITH.

### Kennebec. Decided August 6, 1878.

#### *Tax. Deed.*

The deed of A B, treasurer of the town of C, of land sold for the non-payment of taxes, under R. S., c. 6, § 160, so describing himself in the deed, and signing it A B, treasurer, is only the personal deed of A B, and will not avail or aid in making out a *prima facie* title under § 162.

ON REPORT.

REPLEVIN for ninety-four hard wood logs valued at $350, cut, marked and hauled by William G. Heselton, who sold to the plaintiffs, and caught at Waterville by the defendant and turned into his boom. Writ dated October 3, 1873.

Plea, general issue, with brief statement of title in defendant.

Plaintiffs put in evidence a deed from M. W. Berry, treasurer of the town of Concord, so describing himself, and not "in the name of the town," to Corydon Felker, dated and acknowledged December 13, 1867, of the northerly half of No. 11, in range 5, in the town of Concord, one hundred acres, consideration $8.73.

Also deed from same to same, of same date, of three hundred and twenty acres, consideration $17.04.

Also deed from Corydon Felker to William G. Heselton of both the above described lots, consideration $105.

Also assessment of non-resident taxes of the town of Concord for the year 1866, with other matters unnecessary to state.

The defendant put in evidence deed from William King to himself, of August 11, 1836, conveying No. 11, in range 5, in Concord, one of the pieces described in the deed to Felker, and the land from which the timber in question was cut.

*S. Lancaster*, for the plaintiffs, contended that under law of 1878, he had made out a *prima facie* case by the production of treasurer's deed.

*E. F. Webb*, for the defendant, contended that the act of 1878 was not retrospective, and, if it were, that the " treasurer's deed," not being in the name of the town, was of no avail, even towards making out a *prima facie* case.

VIRGIN, J.   The report discloses that the defendant held the title of lot 11, range 5, in Concord, until an alleged sale and conveyance thereof for taxes, by deed dated December 13, 1867, from M. W. Berry, treasurer of Concord, to Corydon Felker, who by his deed of March 16, 1870, conveyed the premises to William G. Heselton, who cut from the lot the logs in controversy and sold them to the plaintiffs.

The plaintiffs introduced other documentary evidence, and contended that they had thereby made out a *prima facie* title to lot 11, in accordance with the provisions of R. S., c. 6, § 162.

Passing by several fatal omissions in the testimony of the plaintiffs, and looking into the deed from Berry to Felker, we find it fatally defective, in that it is not " in the name of the town," as is peremptorily required by R. S., c. 6, § 160.   Tax Collector, 194.   The deed as executed is simply the personal deed of M. W. Berry, and it could not convey the title to the grantee named therein.

The defendant, having established his title to the lot from which the plaintiffs' vendor cut the logs, is entitled to judgment.

Stat. 1878, c. 35, having been enacted since the commencement of this action, and it containing no language indicating an intention of the legislature to make it retrospective, is not applicable. R. S., c. 1, § 3. *Rogers* v. *Greenbush,* 58 Maine, 395, 397. Neither was the defendant bound to pay or tender the amount of taxes, etc., while the plaintiffs were making out their *prima facie* case. *Orono* v. *Veazie,* 57 Maine, 517.

> *Judgment for the defendant.*
> *Damages to be assessed by the judge at nisi prius.*

APPLETON, C. J., DICKERSON, DANFORTH and PETERS JJ., concurred.

LIBBEY, J., having been of counsel, did not sit.